UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-CV-11905-RWZ

In re Andrea A. Angera, Jr., Chapter 7 Bankruptcy Case No. 19-10764

ANDREA A. ANGERA, JR., Debtor—Appellant

v.

DONALD R. LASSMAN, Chapter 7 Trustee, and SEA GREENS HOLDINGS, LLC, Creditor—Appellees

ORDER

December 13, 2021

Appellant-Debtor Andrea A. Angera, Jr. ("Debtor") has filed an Emergency Motion for Stay Pending Appeal of certain orders of the bankruptcy court that cleared the way for the sale of Debtor's real property at 3 Muskoday Way, Edgartown, MA (the "Property"). Docket # 4. Specifically, Debtor has appealed the bankruptcy court's orders (1) denying Debtor's motion to convert his case into a Chapter 11 bankruptcy, and (2) allowing Donald R. Lassman, the Chapter 7 Trustee ("Trustee"), to sell the Property. Both the Trustee and Sea Greens Holdings, LLC, a creditor, oppose the motion. Docket ## 7, 8.

A motion for stay pending appeal in a bankruptcy case is reviewed under the same standard employed in evaluating a request for a preliminary injunction. Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (citing Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002)). That standard has four factors: (1) whether

1

the moving party is likely to succeed on the merits, (2) whether the moving party will be irreparably harmed if the stay is not granted, (3) whether the non-moving party will be harmed by the stay, and (4) whether granting the stay is in the public interest. Id. The "sine qua non" for a stay pending appeal is the first factor, likelihood of success on the merits. See Acevedo-García, 296 F.3d at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)). Debtor has not carried his burden of making that showing.

### Denial of Debtor's Motion to Convert

A bankruptcy court may deny a debtor's request to convert his Chapter 7 case into one under Chapter 11 based on a finding that the debtor acted in bad faith. See 11 U.S.C. § 706; In re Marrama, 313 B.R. 525, 531 (2004), aff'd Marrama v. Citizens Bank of Ma., 549 U.S. 365 (2007). Bankruptcy courts have "broad authority ... 'to prevent an abuse of process'" as contemplated by the Bankruptcy Code. Marrama, 549 U.S. at 375.

The bankruptcy court's order denying Debtor's requested conversion was a reasoned one on its face. Its decision is supported by facts in the record, many of which appear to be undisputed, and it applied the correct legal standard. Debtor, therefore, has not shown that he is likely to succeed on the merits of his appeal.[1]

### Allowance of Motion to Sell

To appeal a final bankruptcy court order, a debtor must be a "person aggrieved," which means "the challenged order directly and adversely affect [the debtor's] pecuniary interests." See Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-18 (1st Cir. 2001). In a

---

[1] In addition, as the Trustee points out, there is no guarantee that the current offer on the Property of $1.9 million—$655,000 more than the next highest offer—will remain during the pendency of the appeal. See Docket # 7 at 15. A stay therefore risks substantial injury to the bankruptcy estate and its creditors.

Chapter 7 bankruptcy, because "title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property." Id. at 118.  Typically, therefore, "it is the trustee alone … who possesses standing to appeal from bankruptcy court orders which confirm … sales of property of the estate," unless the debtor makes a sufficient showing that the challenged order affects his pecuniary interests.  Id. at 118-19.

Based on the information before the Court at this stage in the proceedings, there is no indication that the sale of the Property will directly or adversely affect any of Debtor's pecuniary interests thereby imbuing him with the requisite standing to challenge the bankruptcy court's orders allowing the sale.  Without standing, Debtor cannot succeed on the merits of his appeal.

Based on the foregoing, Debtor's Motion for Stay Pending Appeal (Docket # 4) is DENIED.

_December 13, 2021_
DATE

_Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

3