UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-CV-11905-RWZ

In re Andrea A. Angera, Jr., Chapter 7 Bankruptcy Case No. 19-10764

ANDREA A. ANGERA, JR., Debtor—Appellant

v.

DONALD R. LASSMAN, Chapter 7 Trustee, and SEA GREENS HOLDINGS, LLC, Creditor—Appellees

ORDER

January 13, 2022

Upon motion of the Chapter 7 Trustee, Donald R. Lassman ("Trustee"), the bankruptcy court determined the highest and best bid on the proposed sale of the real property at 3 Muskoday Way, Edgartown, Dukes County, MA (the "Property") and denied the Debtor Andrea A. Angera Jr.'s ("Angera") motion for reconsideration on the grounds that he had no standing and, in any event, provided no evidence demonstrating manifest error of law or fact in the granting of relief.  Docket # 12-1 (bankruptcy court order ECF No. 230); Docket # 12-2 (bankruptcy court order ECF No. 244).  The bankruptcy court then issued two orders approving the sale of the Property.  Docket # 12-3 (bankruptcy court order ECF No. 283); Docket # 12-4 (bankruptcy court order ECF No. 290).  Angera appealed from these orders, and the Trustee has moved to dismiss the appeal.  Docket # 12.  The Trustee asserts that Angera lacks standing to appeal any of the orders and that the appeal was untimely with respect to bankruptcy court orders ECF Nos. 230 and 244.

"Under the Bankruptcy Code, standing to appeal from a final bankruptcy court order is accorded only to a 'person aggrieved,'" which means a person whose "pecuniary interests" are "directly and adversely affect[ed]" by the challenged order. Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-18 (1st Cir. 2001). Ordinarily, a chapter 7 debtor does not have standing to challenge the sale of property belonging to the bankruptcy estate. Id. at 119. A chapter 7 debtor, however, "may establish standing by demonstrating … that nullification of the sale is likely to result in an overall surplus in the chapter 7 estate" to which the debtor would be entitled after the close of the bankruptcy case. Id. The appellant bears the burden of demonstrating standing. Id. at 118.

Here, the orders make clear that the amount of proceeds from the sale of the Property to which Angera is entitled based on his claimed homestead exemption will be set aside from the bankruptcy estate's proceeds, and the Trustee has represented that he will disburse those proceeds to Angera within five days of the sale. Docket ## 12-3, 23. Additionally, moving forward with the orders, not nullifying them, is what may lead to an overall surplus in the bankruptcy estate should any of Angera's creditors' claims be deemed invalid. Accordingly, Angera has failed to meet his burden to show that he has a pecuniary interest that is directly or adversely affected by the orders.[1]

The Trustee's Partial Motion to Dismiss Appeal of Sale Orders (Docket # 12) is ALLOWED.

January 13, 2022
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds Angera lacks standing, it need not reach the untimeliness argument.